IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID RICHARDSON,**
      **Plaintiff,**

v.                                                                              **CIVIL ACTION NO. 3:20-CV-164**
                                                                             **(GROH)**

**JEFF S. SANDY,**
**BETSY JIVIDEN,**
**JOHN SHEELEY, and**
**ADRIAN AGUILARA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 31, 2019, the Plaintiff, by counsel filed a civil rights action[1] pursuant to 42 U.S.C. § 1983. ECF No. 1.[2] An amended complaint was filed on October 9, 2020. ECF No. 8. A second amended complaint was filed on February 3, 2021. ECF No. 22.

This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

### II.    FACTUAL AND PROCEDURAL HISTORY

In his second amended complaint filed on February 3, 2021, Plaintiff asserts that while he was incarcerated in the Eastern Regional Jail in the Northern District of West

---

[1] The case was initiated as a separate civil rights action with five plaintiffs. ECF No. 3:19-CV-185. The complaint was repeatedly amended, and an additional plaintiff was added, but on September 8, 2020, the plaintiffs' cases were severed by the Court. Plaintiff filed this complaint and this case was opened as a result of that severance order. ECF No. 3:19-CV-185, ECF No. 28.

[2] All ECF number cited herein are in 3:20-CV-164, unless otherwise noted.

Virginia, that he had a heated talk with a jail guard, Aguilara. ECF No. 22 at 2 – 3. Plaintiff claims that the discussion led to a physical altercation with Aguilara and other guards which left him with various physical injuries. Id. at 7. Plaintiff makes six claims for relief: (1) that he was subjected to cruel and unusual punishment by correctional officers[3] in violation of the Eighth Amendment; (2) that he was subjected to cruel and unusual punishment by Sandy, Jividen, and Sheeley, whom Plaintiff claims "established a policy or custom of allowing correctional officers to engage in cruel and unusual punishment"; (3) that his due process rights under the Fifth Amendment were violated by all four Defendants when the Defendants "prevent[ed] Plaintiff from seeking redress" and "from seeking medical attention"[4]; (4) that Sandy, Jividen, and Sheeley engaged in negligent oversight and training of their subordinates; (5) that "Defendant Correctional Officers" assaulted Plaintiff and placed him in imminent fear of bodily harm; and (6) that all Defendants intentionally inflicted emotional distress upon Plaintiff.

For relief, Plaintiff asks the Court to award him compensatory damages of $250,000.00 against each Defendant for his physical injuries and $5,000,000.00 against all Defendants for punitive damages. ECF No. 22 at 10 – 11.

Defendants Sandy, Jividen and Sheeley ("the Administrative Defendants") filed a motion to dismiss the second amended complaint on February 17, 2021. ECF No. 23. Therein, the Administrative Defendants assert that: (1) Plaintiff has failed to state a claim upon which relief may be granted; (2) they are entitled to qualified immunity; and (3)

---

[3] The Court notes that in Section V.A of the complaint which makes these allegations, that Defendant Aguilara, who is the only correctional officer defendant, is not listed as a wrongdoer. ECF No. 22 at 5 – 7. Rather, Plaintiff refers to "Defendant Correctional Officers, collectively referred to temporarily as John Doe" [Id. at 6] and "Defendant Correctional Officers" [Id. at 6, 7].

[4] The Court notes that claims of denial of medical treatment are generally considered as claims of cruel and unusual punishment, in violation of the Eighth Amendment. However, Plaintiff asserts this claim under his rights guaranteed by the Fifth Amendment. ECF No. 22 at 8.

2

Plaintiff's official capacity claims fail because the Administrative Defendants are protected by sovereign immunity.  Id.

Defendant Aguilara filed a separate motion to dismiss on March 5, 2021.  ECF No. 27.  Therein, Aguilara argues that: (1) he is entitled to sovereign immunity because he is sued in his official capacity [Id. at 3 – 4]; and (2) Plaintiff fails to state a claim for a deprivation of his due process rights [Id. at 4 – 5].  Aguilara filed a separate answer to the second amended complaint.  ECF No. 28.  Therein, Aguilara asserts five defenses, that: (1) he is not a person for purposes of § 1983, because he was acting in his official capacity; (2) he is entitled to qualified immunity: (3) Plaintiff failed to exhaust his administrative remedies; (4) Defendant, acting in his official capacity, is protected from liability by sovereign immunity; and (5) the complaint fails to state a claim upon which relief can be granted.  Id.

Plaintiff filed a consolidated response to the motions to dismiss on April 2, 2021, wherein he claimed that: (1) he has set forth sufficient facts to support his claims; (2) the Administrator Defendants are not entitled to qualified immunity; (3) none of the Defendants are entitled to sovereign immunity; and (4) his Fifth Amendment claims are asserted against the State of West Virginia via the Fourteenth Amendment.  ECF No. 34.

Aguilara and the Administrative Defendants filed separate replies on April 9, 2021.  ECF Nos. 36, 37.  Aguilara argues that sovereign immunity bars Plaintiff's official capacity § 1983 claims, and that Plaintiff fails to state a Fifth Amendment due process claim.  ECF No. 36.  The Administrative Defendants argue that Plaintiff has failed to prove the elements of supervisory liability, failed to address their qualified immunity, and that by seeking monetary damages from state officials, Plaintiff has asserted a claim

against the State, and the State is protected by sovereign immunity.  ECF No. 37.

## III.  LEGAL STANDARD

### A.  § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

As to whether a state or local government can be named as a defendant in a § 1983 action, the Supreme Court held that, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

4

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(internal citations omitted). The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal

link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

### B. Motions to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal

authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV. ANALYSIS

### A. Failure to State a Claim Against Aguilara

Plaintiff alleges that "Defendant Correctional Officers, collectively referred to temporarily as John Doe, violated Plaintiff's right to be free of cruel and unusual punishment. . . by subjecting him to excessive force. . . which was tantamount to

7

torture" ECF No. 22 at 6, ¶ 30.  In the remaining paragraphs related to Count 1, Plaintiff again refers to the "Defendant Correctional Officers", but fails to ever name Aguilara as the individual who violated his rights.  Id. at 6 – 7, ¶¶ 31 – 35.  Further, Plaintiff fails to describe how Aguilara caused him a physical injury.  Rather, Plaintiff claims that on October 8, 2018, following an unrelated altercation at the ERJ, Aguilara erroneously told him and other inmates they would not receive dinner.  Id. at 2 – 3.  According to Plaintiff, Aguilara and another inmate were in a discussion about dinner when Aguilara became verbally abusive toward that inmate.  Id. at 3.  Plaintiff contends that when he spoke to Aguilara to intervene on the other inmate's behalf, Aguilara attempted to slam a door on Plaintiff, and attempted to punch Plaintiff in the face.  Id. Plaintiff asserted that because of Aguilara's aggression he was forced to defend himself, which resulted in Plaintiff being restrained by multiple officers who also beat and kicked him.  Id.

Plaintiff does not claim that Aguilara either slammed a door on him, or punched him, but rather that Aguilara *attempted* to do so.  Further, Plaintiff asserts that multiple officers beat and kicked him.  He does not assert that Aguilara either beat or kicked him.

Accordingly, Plaintiff fails to make any specific assertion against Aguilara. Instead, Plaintiff makes a blanket assertion as to other individuals whom he asserts injured him.  Liability under § 1983 "is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d. 391, 402 (4th Cir. 2001). Accordingly, to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violated his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir.

1988). Plaintiff must demonstrate personal involvement on the part of each defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). However, Plaintiff has failed to allege personal involvement by Aguilara which caused the injury he complains of. Rather, Plaintiff asserts that Aguilara was present when "multiple officers" beat and kicked him. ECF No. 22 at 3.

Plaintiff does not show that he is entitled to relief based on this assertion. Such a bald assertion, without more, is insufficient to merit relief. "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' . . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, n. 3 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957) (emphasis added). Without some factual allegation in the complaint, it is impossible for the undersigned to consider how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests, and it is not the undersigned's obligation to construct the Plaintiff's argument for him. "[J]udges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993). The Court is not required to construct arguments for the Plaintiff and cannot consider any arguments which Plaintiff does not present himself.

Accordingly, Plaintiff fails to state a claim upon which relief may be granted as to Aguilara, and that Defendant should be dismissed without prejudice.

### B. Failure to State a Claim as to Sandy, Jividen and Sheeley

Plaintiff fails to allege that any of the Administrative Defendants, Sandy, Jividen or Sheeley, "through the official's own individual actions, has violated the Constitution," as required by Iqbal. To the extent that Plaintiff alleges that Sandy, Jividen and Sheeley are responsible for the actions of subordinate officials at the Eastern Regional Jail, pursuant to Iqbal, individuals with supervisory responsibility are immune from liability from allegations that subordinate officials violated Plaintiff's civil rights.

The three Administrative Defendants, none of whom Plaintiff alleges had any contact with him directly, had, at most, only supervisory responsibility for acts of their subordinates who had contact with Plaintiff. However, "Government officials may not be held liable for the unconstitutional conduct of their subordinates." Ashcroft v. Iqbal, supra, 556 U.S. at 676. Plaintiff claims these supervisory officials established policies and customs which allowed correctional officer to engage in cruel and unusual punishment to maintain order in the Eastern Regional Jail. ECF No. 22 at 7. However, Plaintiff does not identify or explain what those policies or customs are, when they were established or adopted, how the Administrative Defendants were involved with the establishment of the policies, that the Administrative Defendants were deliberately indifferent to the implementation of the policies, or that they were even aware of the implementation of such policies. Succinctly, Plaintiff fails to state how the Administrative Defendants violated his civil rights, or how their actions violated any law or the Constitution.

As noted above, vicarious liability under the theory of respondeat superior is inapplicable to § 1983 actions. Section 1983 claims are brought against individual state

actors for their own acts. Ashcroft v. Iqbal, supra, 556 U.S. at 676. However, Plaintiff has failed to articulate any violation of his Constitutional rights by Sandy, Jividen or Sheeley. Further, Plaintiff failed to allege that those named supervisory officials personally or in their individual capacities took any action which violated his Constitutional rights. Accordingly, the Court finds the Administrative Defendants are entitled to qualified immunity against Plaintiff's claims that they should be liable as the supervisors of subordinates who he claims violated his rights. Consistent with the holdings of the United States Supreme Court, it is clear that the Plaintiff fails to present a claim upon which relief can be granted as relates to Defendants. Because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted, and his complaint should be dismissed with prejudice as to Sandy, Jividen and Sheeley.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Petitioner's section 1983 second amended complaint [ECF No. 22] be **DENIED and DISMISSED WITH PREJUDICE** as to Sandy, Jividen, and Sheeley. It is further **RECOMMENDED** that Petitioner's complaint be **DISMISSED WITHOUT PREJUDICE** as to Aguilara.

It is further **RECOMMENDED** that Defendants' Motions to Dismiss [ECF Nos. 23, 27] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections

should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:	June 15, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE