IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID RICHARDSON,**

   Plaintiff,

**v.**                   **CIVIL ACTION NO.: 3:20-CV-164 (GROH)**

**JEFF S. SANDY, Personally and in his
official capacity as Secretary of West Virginia
Department of Military Affairs and Public Safety;
BETSY JIVIDEN, Personally and in her official
capacity as Department of Corrections Commissioner;
JOHN SHEELEY, Personally and in his official
capacity as Eastern Regional Jail
Warden/Superintendent; and ADRIAN AGUILARA,
Personally and in his official capacity;**

   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on June 15, 2021. ECF No. 46. Therein, Magistrate Judge Trumble recommends that the Court deny the Plaintiff's Second Amended Complaint with prejudice [ECF No. 22] and grant the Defendants' Motion to Dismiss [ECF No. 23] and Partial Motion to Dismiss [ECF No. 27]. For the reasons stated below, the Court **ADOPTS** the R&R **IN PART**.

### I. BACKGROUND

This case arises out of an incident that occurred on October 8, 2018, while the Plaintiff was detained at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia.

ECF No. 22 ¶ 12.  The Plaintiff alleges that he was physically attacked by multiple correctional officers and prevented from seeking medical attention for his injuries.  Id. ¶¶ 14–22.  On February 3, 2021, the Plaintiff filed a Second Amended Complaint, bringing six claims for relief against the Defendants in their personal and official capacities: (1) an Eighth Amendment excessive force claim against the correctional officers pursuant to 42 U.S.C. § 1983; (2) a supervisory liability claim against Defendants Sandy, Jividen, and Sheeley (collectively, the "Administrator Defendants") pursuant to § 1983; (3) a Fifth Amendment due process claim against all Defendants pursuant to § 1983; (4) a common law claim for negligent oversight and training against the Administrator Defendants; (5) a common law claim for battery and assault against correctional officer defendants; and (6) a common law claim for intentional infliction of emotional distress against all Defendants.  For relief, the Plaintiff requests that the Court award him compensatory damages of $250,000.00 against each Defendant for his physical injuries and $5,000,000.00 against all for punitive damages.  Id. at 10–11.

On February 17, 2021, the Administrator Defendants filed a Motion to Dismiss.  ECF No. 23.  On March 5, 2021, Defendant Adrian Aguilara filed a separate Partial Motion to Dismiss [ECF No. 27] and an Answer to the second amended complaint [ECF No. 28].  On April 2, 2021, the Plaintiff filed a single response in opposition to the Defendants' motions.  ECF No. 34.  The Defendants filed separate replies in support of their motions on April 9, 2021.  ECF Nos. 36 & 37.

On June 15, 2021, Magistrate Judge Trumble entered an R&R, wherein he recommends that the Court grant the Defendants' motions and dismiss the Plaintiff's

complaint with prejudice for failure to state a claim upon which relief can be granted. ECF No. 46.  As to the Plaintiff's claims against the Administrator Defendants, the R&R finds that they are immune from supervisory liability for the correctional officers' actions. Id. at 10.  Specifically, it finds that the Plaintiff has failed to allege sufficient facts to show that the Administrator Defendants personally violated the Plaintiff's constitutional rights, or that they established policies and customs that allowed the correctional officers to violate the Plaintiff's constitutional rights.  Id. at 11.

As to the Plaintiff's claims against Defendant Aguilara, the R&R finds that the Plaintiff failed to state a claim because he "failed to allege personal involvement by Aguilara which caused the injury he complains of" and only alleges that "Aguilara was present when multiple officers beat and kicked him."  Id. at 9 (internal quotations omitted).  Accordingly, the R&R finds that the complaint fails to provide Defendant Aguilara "fair notice of the nature of the claim . . . [and] the grounds on which the claim rests."  Id.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and of a Plaintiff's right to appeal this Court's Order.  28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Here, the Plaintiff timely filed his objections to the R&R.[1]  Accordingly, this Court will review the portions of the R&R to which the Plaintiff objects de novo and the remainder of the R&R for clear error.

### III. DISCUSSION

In his objections, the Plaintiff argues that the complaint contains sufficient factual allegations to state his § 1983 and common law tort claims against the Defendants.  ECF No. 47 at 5, 6.  Alternatively, to the extent that the Court finds any deficiencies in the complaint, the Plaintiff avers that the Court should grant him leave to amend.  Id. at 7.  The Court considers the Plaintiff's arguments below.

**A. Applicable Law**

To survive a motion to dismiss for failure to state a claim, the complaint must allege sufficient factual matter to state a claim that is facially plausible.  Fed. R. Civ. P. 12(b)(6).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombley, 550 U.S. 544,556 (2007)).  Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Twombley, 550 U.S. at 570.

---

[1] Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Here, Magistrate Judge Trumble entered the R&R on June 15, 2021.  ECF No. 46.  The Plaintiff filed his objections on June 29, 2021.  ECF No. 47.  Thus, the Plaintiff's objections were timely filed.

However, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts are not bound to accept as true legal conclusions that are "couched" as factual allegations. Ashcroft, 556 U.S. at 678 (quoting Twombley, 550 U.S. at 555). Additionally, "shotgun pleadings" that lump defendants together as they make formulaic recitations of the elements of causes of action are improper. See Knouse v. Primecare Med. of W. Virginia, 333 F. Supp. 3d 584, 592 (S.D. W. Va. 2018). Thus, when a complaint "fails to allege particular facts against a particular defendant, then the defendant must be dismissed. . . . [T]he complaint must specify how these defendants [were] involved in the alleged conspiracy, without relying on indeterminate assertions against all defendants." SD3, LLC v. Black Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015) (quoting In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 905 (6th Cir. 2009)) (internal quotation marks omitted).

### B. Plaintiff's Second Amended Complaint

In considering a Rule 12(b)(6) motion, the Court views the complaint in the light most favorable to the plaintiff and takes the plaintiff's well-pleaded allegations as true.[2] Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Accordingly, the Court considers the Plaintiff's allegations in the Second Amended Complaint:

On or about October 8, 2018, while the Plaintiff was incarcerated at the ERJ in Martinsburg, West Virginia, he was physically attacked by several correctional officers.

---

[2] While the R&R states that the Plaintiff is appearing pro se, the Plaintiff is represented by counsel. ECF No. 46 at 6. Thus, the Court is not required to apply the standard of review for pro se pleadings here and liberally construe the Plaintiff's complaint.

ECF No. 22 ¶¶ 14 & 15. The incident occurred after he asked Defendant Aguilara, a correctional officer at the ERJ, to "cease his abusive behavior" toward another inmate. Id. ¶ 14. In response, Defendant Aguilara "attempted to slam the door to [the Plaintiff's cell] . . . and punch Plaintiff . . . in the face." Id. The Plaintiff attempted to defend himself against Defendant Aguilara, resulting in a "physical altercation" between the two of them. Id. At this point, other correctional officers forced the Plaintiff to the ground and restrained him with handcuffs. Id. ¶ 15. While the Plaintiff was restrained on the floor, the officers beat, stomped, and kicked the Plaintiff about the head, neck, and torso. Id. The officers took the Plaintiff from his cell to one of the ERJ's attorney-conference rooms, where they continued to beat and scream at him. Id. ¶ 17. The Plaintiff sustained a "substantial gash" on his forehead from the incident, and suffered from severe headaches in the days and weeks that followed. Id. ¶¶ 20 & 22.

### C. Discussion

#### 1. Administrator Defendants' Motion to Dismiss

In the R&R, Magistrate Judge Trumble finds that the Plaintiff failed to state a claim upon which relief may be granted against the Administrator Defendants in their personal and official capacities. ECF No. 46 at 9–10. In response, the Plaintiff avers that allegations in the Second Amended Complaint "give rise to the reasonable inference that Defendant Administrators not only knew about the various [c]onstitutional violations alleged . . . but [also] that they further supported and encouraged such violations by taking steps to cover up such violations." ECF No. 47 at 6. The Plaintiff states that the Second Amended Complaint alleges that the Administrator Defendants took steps to

"make it more difficult for future violations to be witnessed and documented." Id. The Court addresses the validity of the Plaintiff's claims against the Administrator Defendants in their personal capacities first.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft, 556 U.S. at 676. In order for an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). For a supervisor to be held personally liable under § 1983 for the actions of their subordinates, a plaintiff must allege more than a mere "failure adequately to supervise or control any conduct that directly caused the specific deprivation charged." Davis v. Dep't of Soc. Serv. of Baltimore Cnty., 941 F.2d 1206, 1991 WL 157258, at *5 (4th Cir. 1991) (quoting Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982)). Ordinarily, a plaintiff cannot prove supervisory liability by pointing to a single and isolated incident. Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984).

Here, the Second Amended Complaint is wholly devoid of any specific, factual allegations against Defendants Jeff S. Sandy, Betsy Jividen, and John Sheeley. The only allegations the Plaintiff makes regarding the Administrator Defendants refer to them in a plural sense and consist of conclusory statements of liability. The complaint does not show any action by the Administrator Defendants that deprived the Plaintiff of his constitutional rights. Instead, the Plaintiff broadly asserts that "efforts were taken by [the Administrator Defendants] to cover up evidence of correctional officer misconduct and/or

7

deny prisoners the ability to seek redress." ECF No. 22 ¶ 28. The Plaintiff simply repeats these statements in his objections. Thus, the Court finds the complaint is a "shotgun pleading" and lacks the requisite factual allegations to state a plausible claim against the Administrator Defendants in their personal capacities.

Additionally, the Administrator Defendants are entitled to sovereign immunity against the Plaintiff's claims in their official capacities. In Kentucky v. Graham, the Supreme Court reiterated that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. . . . This bar remains in effect when State officials are sued for damages in their official capacity. 473 U.S. 159, 169, 105 (1985) (internal citation omitted). A few years later the Supreme Court held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Here, there is no waiver from the State of West Virginia allowing the Plaintiff to file suit against the Administrator Defendants in their official capacities. Accordingly, the Administrator Defendants enjoy sovereign immunity against the Plaintiff's claims in their official capacities.

For the reasons stated above, the Court finds that the Second Amended Complaint fails to state a claim against the Administrator Defendants in their personal and official capacities. Accordingly, the Plaintiff's objections are **OVERRULED**.

### 2. Defendant Aguilara's Partial Motion to Dismiss

Magistrate Judge Trumble finds that the complaint fails to state a claim against Defendant Aguilara because the Plaintiff does not "make any specific assertion against

Aguilara." ECF No. 46 at 8. He notes that the Plaintiff only refers to unnamed "Defendant Correctional Officers" in the complaint and "fails to ever name Aguilara as the individual who violated his rights." Id. Moreover, the Plaintiff "fails to describe how Aguilara caused him a physical injury" because he only alleges that Aguilara "attempted" to slam a door on him and punch him. Id. Thus, Magistrate Judge Trumble recommends that the Court grant Defendant Aguilara's motion and dismiss the Plaintiff's claims against him.

In his objections, the Plaintiff argues that the "Complaint clearly alleges, or at the very least provides for the reasonable inference, that CO Aguilara was among the officers who beat Plaintiff." ECF No. 47 at 5. The Plaintiff avers that the complaint clearly identifies Aguilara as the correctional officer who initiated the violence leading to the Plaintiff's injury and specifically states that a "physical alteration" occurred between the Plaintiff and Aguilara. Id. at 6; see ECF No. 22 ¶ 14.

Although the R&R recommends that the Court dismiss all of the Plaintiff's claims against Defendant Aguilara, the Court finds that it discusses arguments that were not raised in Defendant Aguilara's partial motion to dismiss and to which the Plaintiff did not have an opportunity to respond. In his motion, Defendant Aguilara moves to dismiss the Plaintiff's claims against him in his official capacity and the Plaintiff's third claim, which alleges that the Defendant violated his Fifth Amendment right to due process by depriving him from seeking redress or medical attention. ECF No. 27; see also ECF No. 22 ¶¶ 44–45. Thus, the Court finds that dismissal of the claims that Defendant Aguilara did not move to dismiss in his motion is not warranted at this time. Accordingly, the Court

**DECLINES TO ADOPT** the R&R's findings and recommendation as to Defendant Aguilara's motion.

However, the Court will consider Defendant Aguilara's arguments toward dismissing the Plaintiff's third claim and the claims against him in his official capacity. The Fifth Amendment requires "due process of the law" be part of any proceeding that denies a citizen "life, liberty or property" and requires the government to compensate citizens when it takes private property for public use. See U.S. Const. amend. V. Here, the Plaintiff has not alleged that Defendant Aguilara deprived him of due process before a proceeding that denied him of life, liberty or property. Accordingly, the Court finds that the Plaintiff has failed to state a claim against Defendant Aguilara for violating his Fifth Amendment right to due process. Additionally, the Court finds that Defendant Aguilara enjoys sovereign immunity against all of the claims *in his official capacity* pursuant to Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the Court finds that Defendant Aguilara's Partial Motion to Dismiss should be granted.

## V. CONCLUSION

Upon careful review of the R&R and the Plaintiff's objections, the Court hereby **ADOPTS** Magistrate Judge Trumble's Report and Recommendation **IN PART**. ECF No. 46.

The Court **ADOPTS** the R&R's findings and recommendation regarding the Administrator Defendants' Motion to Dismiss. Specifically, the Court adopts the finding that the Second Amended Complaint fails to state a plausible claim against the Administrator Defendants and the recommendation to grant the motion. Accordingly, the

Administrator Defendants' Motion to Dismiss is **GRANTED**. ECF No. 23. The Plaintiff's claims against Defendants Jeff S. Sandy, Betsy Jividen, and John S. Sheeley in their personal and official capacities are **DISMISSED WITH PREJUDICE**. ECF No. 22.

However, the Court **DECLINES TO ADOPT** the R&R's findings and recommendation regarding Defendant Aguilara's Partial Motion to Dismiss for the reasons stated above. The Court **GRANTS** Defendant Aguilara's Partial Motion to Dismiss. ECF No. 27. Accordingly, the Plaintiff's claims against Defendant Aguilara in his official capacity are **DISMISSED**. Count Three of the Second Amended Complaint is also **DISMISSED**. Counts One, Five, and Six shall proceed against Defendant Aguilara in his personal capacity.[3]

The Court, having resolved the pending Motions to Dismiss, **ORDERS** that the previously ordered stay of discovery is hereby **LIFTED**. See ECF No. 44. A separate Order regarding scheduling will follow. Accordingly, the Plaintiff's Motion to Alter Judgment is **DENIED AS MOOT**. ECF No. 48. The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** August 16, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] None of the Defendants made any specific arguments why the Plaintiff's common law tort claims should be dismissed. Thus, the Court did not address these claims. However, the Court **DIRECTS** Defendant Aguilara's counsel to review 42 U.S.C. § 1983 and the applicable case law to ensure that Counts Five and Six are properly before the Court.

11