IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID RICHARDSON,**
        **Plaintiff,**

    **v.**                              **CIVIL ACTION NO. 3:20-CV-164**
                                                   **(GROH)**

**ADRIAN AGUILARA,**

        **Defendant.**

## SECOND REPORT AND RECOMMENDATION

## I.  INTRODUCTION

On October 31, 2019, the Plaintiff, by counsel filed a civil rights action[1] pursuant to 42 U.S.C. § 1983.  ECF No. 1.[2]  An amended complaint was filed on October 9, 2020.  ECF No. 8.  A second amended complaint was filed on February 3, 2021.  ECF No. 22.  On June 15, 2021, a report and recommendation was filed pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.  ECF No. 46.  By order entered August 16, 2021, the District Court adopted the report and recommendation in part. ECF No. 52.

Following Defendant Aguilera's[3] August 27, 2021, filing of a motion for judgment on the pleadings, by order entered September 3, 2021, the matter was referred back to

---

[1]  The case was initiated as a separate civil rights action with five plaintiffs.  ECF No. 3:19-CV-185.  The complaint was repeatedly amended, and an additional plaintiff was added, but on September 8, 2020, the plaintiffs' cases were severed by the Court. Plaintiff filed this complaint and this case was opened as a result of that severance order.  ECF No. 3:19-CV-185, ECF No. 28.

[2]  All ECF number cited herein are in 3:20-CV-164, unless otherwise noted.

[3]  The Court notes that Defendant Aguilara's name is alternatively spelled as "Aguilera".   The Second Amended complaint identifies Defendant as "Aguilara", but both Plaintiff and Defense counsel use the alternate spelling "Aguilera".  The Court uses "Aguilera" throughout, although the caption remains "Aguilara", as initially identified by Plaintiff.

this court for further consideration.  ECF Nos. 53, 54.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Second Amended Complaint

In his second amended complaint filed on February 3, 2021, Plaintiff asserts that he was injured during an incident which occurred on October 8, 2018, while Plaintiff was detained at the Eastern Regional Jail ("ERJ") in the Martinsburg, West Virginia.  ECF No. 22 at 2, ¶ 12.   Plaintiff alleges that he was physically attacked by multiple correctional officers and prevented from seeking medical attention for his injuries.  Id. at 3 – 5, ¶¶ 14 – 22.

The second amended complaint asserted six claims for relief against Aguilera and other Defendants who were subsequently dismissed from this action.[4]  Pursuant to the ruling of the District Court, only Counts One, Five and Six of the second amended complaint remains pending against Defendant Aguilera in his personal capacity.  ECF No. 52 at 11.  Those three remaining claims against Defendant Aguilera are that he: (1) was one of several correctional officers[5] who subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, as alleged in Count 1; (2) assaulted Plaintiff and placed him in imminent fear of bodily harm, as alleged in Count 5; and (3) intentionally inflicted emotional distress upon Plaintiff, as alleged in Count 6.  ECF No.

---

[4]    The District Court's order entered August 16, 2021, dismissed with prejudice Defendants Sandy, Jividen, and Sheeley.   ECF No. 52 at 11.

[5]    The Court notes that in Section V.A. of the complaint which makes these allegations, that Defendant Aguilara, who is the only correctional officer defendant, is not listed as a wrongdoer.  ECF No. 22 at 6 – 7, ¶¶ 29 - 35.  Rather, Plaintiff refers to "Defendant Correctional Officers, collectively referred to temporarily as John Doe" [Id. at 6] and "Defendant Correctional Officers" [Id. at 6, 7].  Further, the Court notes that all "John Doe" defendants who were identified as such in the initial complaint were previously dismissed from this action on October 13, 2020, consistent with the allegations contained in the October 9, 2020, first amended complaint [ECF No. 8].

22.

For relief, Plaintiff asks the Court to award him compensatory damages of two hundred fifty thousand dollars ($250,000.00) and five million dollars ($5,000,000.00) in punitive damages.  ECF No. 22 at 11, ¶¶ 61, 62.

### B.    Defendant Aguilera's Motion to Dismiss

On March 5, 2021, Defendant Aguilera filed a motion to dismiss with a memorandum of law, and an answer to the second amended complaint.  ECF Nos. 27, 27-1, 28.  In his memorandum of law in support of his motion to dismiss, Aguilera argues that Plaintiff fails to state a claim for a deprivation of his due process rights.  ECF No. 27-1 at 4 – 5.  In his answer to the second amended complaint, Aguilera asserts the following[6] defenses, that: (1) he is entitled to qualified immunity: (2) Plaintiff failed to exhaust his administrative remedies; and (3) the complaint fails to state a claim upon which relief can be granted.  ECF No. 28.

### C.    Plaintiff's Response to the Motion to Dismiss

Plaintiff filed a response[7] to Aguilera's motion to dismiss on April 2, 2021.  ECF No. 34.  Aguilera filed a reply on April 9, 2021, where he argues that Plaintiff fails to state a Fifth Amendment due process claim.  ECF No. 36 at 2 – 4.  Aguilera contends that Plaintiff's claims against him should be dismissed because Plaintiff "fails to allege any facts that would allow this Court to draw a reasonable inference that [defendant] deprived [Plaintiff] of his procedural due process rights."  Id. at 3.

---

[6]  Defendant also raised official capacity defenses, however, all official capacity claims against Aguilera were previously dismissed by the District Court [ECF No. 52] and, accordingly, are not addressed herein.

[7]  The response was a unified response to the motions to dismiss filed by Aguilera and the subsequently dismissed defendants.  ECF No. 34.  Most of the arguments contained therein addressed the other subsequently dismissed defendants.  Id.

**D.    Defendant's Motion for Judgment on the Pleadings**

Following the District Court's August 16, 2021, order [ECF No. 52] which adopted in part the report and recommendation, Defendant filed a motion for judgment on the pleadings, and memorandum in support thereof, on August 27, 2021.  ECF Nos. 53. 53-1.  The memorandum argued that the complaint against Aguilera should be dismissed on four grounds, that: (1) Plaintiff failed to state sufficient facts upon which relief may be granted as to Plaintiff's excessive force claim; (2) Plaintiff failed to state sufficient facts to support a claim for intentional infliction of emotional distress through the tort of outrage; (3) Plaintiff failed to state sufficient facts to support a claim for battery, which requires harmful contact; and (4) Defendant is entitled to qualified immunity because Plaintiff did not allege that there was a deprivation of either a constitutional or a statutory right, but rather that Defendant attempt to do so.  ECF No. 53-1.

**E.    Plaintiff's Response to the Motion for Judgment on the Pleadings**

Plaintiff filed a response in opposition on September 10, 2021.  ECF No. 55.  In his response, citing the paragraphs 14 through 17 of the second amended complaint Plaintiff states that the "Second Complaint clearly alleges, or, at the very least, provides for the reasonable inference, that CO Aguilera was among the officers who beat Plaintiff."  Id. at 6.  Those paragraphs of the second amended complaint allege:

> 14. Plaintiff Richardson, seeing this, asked CO Aguilera to cease his abusive behavior toward Puffinberger. In response, CO Aguilera attempted to slam the door to A5 on Plaintiff Richardson, who was standing in the door's threshold. Plaintiff Richardson grabbed the door to stop from slamming on him, and CO Aguilera then attempted to punch Plaintiff Richardson in the face, causing Plaintiff Richardson to attempt to defend himself, resulting in a physical altercation between Plaintiff Richardson and Defendant Aguilera.

> 15. Other officers, at this point unknown to Plaintiff Richardson, then responded to the scene, at which time Plaintiff Richardson was taken to the ground and restrained with handcuffs. Then, after being restrained, he was beaten, stomped, and kicked about the head, neck, and torso by multiple officers.
>
> 16. Plaintiff Richardson was beaten in plain view of many of the members of A5, and the beating was captured on video surveillance. Said witnesses drafted statements to ERJ personnel as to what the observed.
>
> 17. After being beaten at A5, Plaintiff Richardson was then dragged while handcuffed and bleeding profusely to the attorney conference area and thrown into one of the conference rooms—one of the few areas of the ERJ which are not equipped with cameras, where he continued to be battered and screamed at by various officer[s.]

ECF No. 22 at 3.

In his response, Plaintiff cited to n.3 of Twombly, 550 U.S. 544, 556, to argue that there is "no requirement that all facts be set out in detail," in a complaint, only that sufficient facts be alleged. ECF No. 55 at 6. As to this first argument, Plaintiff concluded that "there is no basis to find that Plaintiff has failed to state a claim against Defendant Aguilera, and to the extent the court finds otherwise, Plaintiff would request leave to Amend to cure any deficiency." Id.

Second, Plaintiff argued that he set forth sufficient facts to support his intentional infliction of emotional distress claim, again citing to paragraphs 14 through 17 of the second amended complaint. Id. at 7. Plaintiff also asserts that paragraphs 58 through 60 of the second amended complaint "clearly state that Defendant['s] actions intended to cause emotional distress and did so." Id.

Those paragraphs of the second amended complaint allege:

58. Said outrageous conducted was committed with the intent to teach Plaintiff a lesson in obeying authority by causing severe emotional distress.

59. Said outrageous conduct did cause Plaintiff severe emotional distress.

60. As a direct and proximate result of Defendant's outrageous conduct, Plaintiff suffered injuries in the form of medical bills, physical pain and suffering, and severe emotional distress.

ECF No. 22 at 10. Plaintiff argues that whether Aguilera's conduct qualifies as "outrageous" is a question of fact for the jury. Id.

Third, Plaintiff argues that his complaint when "viewed in its totality and taken with all reasonable inferences made in Plaintiff's favor, there can be no argument that Plaintiff's actual allegations . . . do not give rise to a claim for battery, which requires only an 'offensive touching.'" ECF No. 55 at 8. Plaintiff further asserts that because Defendant was silent as to Plaintiff's claim for assault, that claim "should be deemed conceded." Id.

Fourth, Plaintiff contends that the allegations of the complaint that "Defendant physically beat[ ] Plaintiff. . . involve[d] the intentional beating of Plaintiff by Aguilera [ ] while he was restrained, which is plainly and unequivocally excessive force." Id. at 8. Accordingly, Plaintiff argues that Aguilera is not entitled to qualified immunity because "Plaintiff's complaint clearly sets forth sufficient facts to pierce qualified immunity." Id. at 9.

## F.    Defendant's Reply

On September 17, 2021, Defendant filed a reply, wherein he argues that: (1) § 1983 liability is personal based on each Defendant's constitutional violations, which

Plaintiff failed to sufficiently plead; (2) Plaintiff fails to state a claim for intentional infliction of emotional distress, and that Plaintiff merely provides a "formulaic recitation of the elements of a cause of action"'; (3) Plaintiff fails to state a claim of battery, and "alleged only elements for the tort of battery in his specific allegations", thus arguing that Plaintiff also fails to state a claim for assault; and (4) that Defendant is entitled to qualified immunity related to Defendant's alleged attempts to act.  ECF No. 59.

### III.  LEGAL STANDARD

**A.      § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257

(1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated

what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

The Prisoner Litigation Reform Act (PLRA) requires proof of "physical injury."

There is no recovery for mental or emotional stress without consequent physical injury.

42 U.S.C. § 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

## B.    Motions to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal

authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Id. at 678 (Internal citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id.

"[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a

claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

Federal Rule of Civil Procedure 12(c) provides that, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The Fourth Circuit applies the same standard of review for motions under both 12(b)(6) and 12(c). "[T]he distinction [between 12(b)(6) and 12(c) motions] is one without a difference, as we review the district court's decision to grant judgment on the pleadings *de novo,* applying the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002), citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999)).

## IV.  ANALYSIS

### A.    Plaintiff's Claim in Count One

Plaintiff's claim in Count One is that his Eighth Amendment rights against cruel and unusual punishment were violated fails to state claim against Defendant Aguilera.

Pursuant to the holding in Gomez, to establish a cause of action under § 1983, Plaintiff must allege two acts. First, he must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law. Although Plaintiff's complaint alleges that a person deprived him of a federal right, and that the deprivation was committed by a person acting under color of state law, Plaintiff fails to allege that the person who deprived him of his right was Aguilera. The entirety of Section V.A. of Plaintiff's second

amended complaint refers only to "John Does" or "Defendant Correctional Officers", not to Aguilera specifically.  ECF No. 22 at 6 – 7, ¶¶ 29 – 35.

Plaintiff's second amended complaint does not claim that Aguilera either slammed a door on him, or punched him, but rather that Aguilera *attempted* to do so. Further, Plaintiff asserts that multiple officers beat and kicked him.  He does not assert that Aguilera either beat or kicked him.   Following Defendant's challenge to the sufficiency of the allegations in his second amended complaint, Plaintiff argues that the second amended complaint "clearly alleges, or, at the very least, provides for the reasonable inference, that CO Aguilera was among the officers who beat Plaintiff."  ECF No. 55 at 6.  Finally, Plaintiff requested that if the Court were to rule that the allegations in the complaint were insufficient to claim a claim upon which relief may be granted, that he be given leave "to amend to cure any deficiency."  Id.  However, Plaintiff has not amended his complaint to correct the deficiencies raised by Defendant.

A reading of Count One of the second amended complaint shows that Plaintiff fails to make any specific assertion against Aguilera in that count.  ECF No. 22 at 6 – 7. Instead, Plaintiff makes a blanket assertion as to a group of individuals "Defendant Correctional Officers" or "John Doe" whom he asserts injured him.  Id.  However, liability under § 1983 "is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d. 391, 402 (4th Cir. 2001).  Accordingly, to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violated his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988).  Plaintiff must demonstrate personal involvement on the part of each defendant and a causal connection to the

harm alleged must be shown.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  However, Plaintiff has failed to allege personal involvement by Aguilera which caused the injury he complains of.  Rather, Plaintiff asserts that Aguilera "attempted to slam the door to [cell] A5 on Plaintiff" and that Aguilera "attempted to punch Plaintiff" which caused Plaintiff to "attempt to defend himself, resulting in a physical altercation between Plaintiff Richardson and Defendant Aguilera."  ECF No. 22 at 3, ¶ 14.  Further, Plaintiff claims that Aguilera was present when "multiple officers" beat and kicked him. ECF No. 22 at 3, ¶ 15.

Plaintiff does not show that he is entitled to relief based on this assertion.  Such a bald assertion, without more, is insufficient to merit relief.  Plaintiff's claims are that Aguilera attempted to make physical contact with Plaintiff, but failed.  Second, Plaintiff claims that Aguilera was present when multiple officers made physical contact with Plaintiff.  "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim,' . . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, n. 3 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957) (emphasis added).  Without some factual allegation of physical force by Defendant against Plaintiff, it is impossible for the undersigned to consider how a claimant could satisfy the requirement of providing 'fair notice' of the nature of the excessive force claim.  Further, without such a factual allegation of physical force by Defendant against Plaintiff, it is impossible to find any 'grounds' on which the claim rests.

Plaintiff claims in his response to Defendant's motion for judgment upon the

pleadings that his second amended complaint "provides for the reasonable inference, that CO Aguilera was among the officers who beat Plaintiff."  ECF No. 55 at 6.  However, it is not the undersigned's obligation to construct the Plaintiff's argument for him.  "[J]udges are [ ] not required to construct a party's legal arguments for him."  <u>Small v. Endicott</u>, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Plaintiff did not make a claim which has a facial plausibility that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, as required by <u>Ashcroft</u>.  The plausibility standard requires a pleader to allege more than a sheer possibility that a defendant has acted unlawfully.  556 U.S. at 679.  However, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  <u>Id.</u>  Because the Court is not required to construct arguments for the Plaintiff and cannot consider any arguments which Plaintiff does not present himself, the Court finds that Plaintiff fails to state a claim upon which relief may be granted as to Aguilera in Count One of the Second Amended Complaint, and the same should be dismissed with prejudice.

**B.   Plaintiff's Claim in Count Five**

Plaintiff's claim in Count Five is that Correctional Officers engaged in an offensive touching of Plaintiff, and that such touching put him in imminent fear of bodily harm.  ECF No. 22 at 10.  However, that count of the complaint fails to state claim against Defendant Aguilera.

A review of the claim in Count Five shows that Plaintiff has failed to allege the two acts necessary to establish a § 1983 claim against Aguilera.  First, he must allege

that some person has deprived him of a federal right.  <u>Gomez</u>.  Second, he must allege

that the person who has deprived him of that right acted under color of state or territorial

law.    Although  Plaintiff's  complaint  alleges  that  a  person  engaged  in  an  offensive

touching, and that the deprivation was committed by a person acting under color of

state law, Plaintiff fails to allege that the person who deprived him of his right was

Aguilera.   Plaintiff alleges that "Defendant Correctional Officers, "engaged in offensive

touching of Plaintiff which was not related to any legitimate correctional purpose."  ECF

No. 22 at 10, ¶ 53.  In the remaining paragraphs related to Count Five, Plaintiff again

refers to the "Defendant Correctional Officer", but fails to ever name Aguilera as the

individual whom he claims violated his rights.  <u>Id.</u> at ¶ 55.

Another portion of the second amended complaint further describes the beating

which Plaintiff claims was committed by correctional officers.   <u>Id.</u> at 3, ¶¶ 15 – 17.

Again, nowhere in these paragraphs which describe the alleged beating, does Plaintiff

claim that Aguilera was the perpetrator of the battery.   Such a failure to identify the

alleged wrongdoer with specificity dooms Plaintiff's claim in Count Five.

In testing the sufficiency of a complaint, this Court does not address contests

surrounding facts, the merits of a claim, or the applicability of defenses.   However, it is

clear that Plaintiff has failed to provide a short and plain statement of the claim showing

that the pleader is entitled to relief.  Although Plaintiff asserts that he was injured on

October 8, 2018, his claims in Count Five fails to assert that Defendant Aguilera caused

any injury to Plaintiff.[8]   Accordingly, this Court cannot draw the reasonable inference

---

[8]  Further, the Court notes that Plaintiff fails to describe how Aguilera caused any physical injury
to Plaintiff.  Rather, Plaintiff broadly claims that he suffered "injuries in the form of medical bills, physical
pain and suffering, and emotional distress."  ECF No. 22 at 10, ¶ 55.  Count Five of Plaintiff's second
amended complaint is devoid of any description of how the alleged actions by Aguilera caused him any

that the defendant is liable for the misconduct alleged in Count Five.

### C.    Plaintiff's Claim in Count Six

Plaintiff's claim in Count Six is that he suffered the intentional infliction of emotional distress through "torture" in retaliation for rule violations and perceived personal slights, which constituted outrageous conduct.  ECF No. 22 at 10, ¶¶ 57 – 60.  However, Plaintiff's claim in Count Six fails to state claim against Defendant Aguilera.

Again, Plaintiff fails to plead with specificity what acts by Aguilera constituted torture, outrageous conduct, or the intentional infliction of emotional distress.  At most, Plaintiff alleges that Aguilera attempted, but failed, to slam a door and attempted, but failed, to strike Plaintiff.  Plaintiff then asserts he acted in self-defense which "result[ed] in a physical altercation."  Plaintiff does not allege any actions by Aguilera which constitute either torture or outrageous conduct.  This failure to make sufficiently specific allegations of wrongdoing by Aguilera merits dismissal of Count Six of the second amended complaint.

Plaintiff is required under the holding of Twombly to "set out *in detail* the facts upon which he bases his claim," and is required to make a showing, not simply blanket assertion, of entitlement to relief.  Here, Plaintiff has not set out in any detail facts which would entitle him to relief.  Rather, Plaintiff's claims appears to be a listing of labels and conclusions, and a formulaic recitation of the elements of a cause of action, which are insufficient to establish a cause of action under Twombly.  Accordingly, the claim asserted by Plaintiff in Count Six of the second amended complaint fails to state a

---

physical injuries, or with any specificity, what those injuries were.

Elsewhere in his second amended complaint Plaintiff asserts that he had a "substantial gash" on his forehead [ECF No. 22 at 4, ¶ 20], and that he later suffered "severe headaches in the days and weeks" after the incident [Id. at 5, ¶ 22].  Nowhere in the second amended complaint does Plaintiff assert that either the gash or headaches were injuries which were caused by Aguilera.

claim upon which relief may be granted, and should be dismissed with prejudice.

In summary, Plaintiff has repeatedly amended his claims in this action. His first complaint filed on October 31, 2019, was amended on October 9, 2020, and the second amendment was filed on February 3, 2021. ECF Nos. 1, 8, 22. In his most recent response to Defendant's motion for judgment on the pleadings, Plaintiff argues that if the Court finds that he fails to state a claim he should be granted leave to amend to correct any deficiency. ECF No. 55 at 6. But the plain fact is that despite filing at least three complaints in this action, Plaintiff has each time failed to specify the acts by Aguilera which injured him, and would thus entitle him to damages under § 1983. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to Aguilera, and Counts One, Five and Six of the second amended complaint should be dismissed with prejudice.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Petitioner's section 1983 second amended complaint [ECF No. 22] be **DENIED and DISMISSED WITH PREJUDICE** as to Aguilera.

It is further **RECOMMENDED** that Defendant' Motion for Judgment on the Pleadings [ECF No. 53] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District

Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      December 3, 2021


/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE