**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DAVID RICHARDSON,**

Plaintiff,

**v.**                                                    **CIVIL ACTION NO.: 3:20-CV-164**
                                                         **(GROH)**

**ADRIAN AGUILERA,**

Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND**
**RECOMMENDATION AND DENYING PLAINTIFF'S MOTION**
**TO ALTER OR AMEND, OR IN THE ALTERNATIVE,**
**MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL**

Now before the Court is the Report and Recommendation ("R&R") of United States
Magistrate Judge Robert W. Trumble.   Pursuant to the Local Rules, this action was
referred to Magistrate Judge Trumble for submission of an R&R.   Magistrate Judge
Trumble issued his R&R on December 6, 2021.  ECF No. 61.  Therein, Magistrate Judge
Trumble recommends that this Court deny and dismiss with prejudice the Plaintiff's second
amended complaint [ECF No. 22] and grant the Defendant's Motion for Judgment on the
Pleadings [ECF No. 53].   The Plaintiff timely filed objections to the R&R on November 17,
2021.  ECF No. 62.  Accordingly, the R&R is ripe for review.

Also pending before the Court is the Plaintiff's Motion to Alter or Amend, or in the
Alternative, Motion for Leave to File an Interlocutory Appeal, filed on September 13, 2021.
ECF No. 56.  Therein, the Plaintiff requests that this Court alter or amend its Order [ECF
No. 52] dismissing the Administrator Defendants in their personal capacity from this case.

Alternatively, the Plaintiff requests leave to file an interlocutory appeal with respect to this Court's dismissal of the Administrator Defendants in their personal capacities.   The Administrator Defendants timely filed a Response [ECF No. 60] to the Plaintiff's motion. Accordingly, the Plaintiff's motion is ripe for review.

## I. BACKGROUND

### A.  Procedural Background

The Plaintiff, through counsel, initially filed a civil rights action pursuant to 42 U.S.C. § 1983 on October 31, 2019.  ECF No. 1.  This case began as a separate civil rights action with five plaintiffs. Civil Case No. 3:19-CV-185. That complaint was repeatedly amended, and an additional plaintiff was added, but on September 8, 2020, the plaintiffs' cases were severed by the Court.  Upon the filing of the amended complaint by Plaintiff Richardson, this case was opened pursuant to the Court's severance order. ECF No. 28 in ECF No. 3:19-CV-185; ECF No. 8 in 3:20-CV-164.  Finding the amended complaint deficient, the Court extended the Plaintiff's deadline to cure his deficient pleading to January 4, 2021.  ECF No. 12.

On January 5, 2021, the Court gave notice to the Plaintiff that he had not timely complied with the Local Rules of Prisoner Litigation Procedure but afforded the Plaintiff thirty days to cure the identified deficiencies. ECF No. 15. On February 1, 2021, the Plaintiff filed a Motion to Amend/Correct the Complaint [ECF No. 19], which this Court granted [ECF No. 21].  The Plaintiff then filed his second amended complaint, which now forms the basis of this complaint.

The Plaintiff's present complaint was brought "to redress the deprivation under, color of law, of rights secured by the Constitution of the United States," under 42 U.S.C.

§ 1983.   ECF No. 22 at ¶ 1.   Accordingly, the Plaintiff asserts that this Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).   The Plaintiff also seeks injunctive relief pursuant to Federal Rule of Civil Procedure 65 and "29 USC §§ 2283 & 2284."   ECF No. 22 at ¶ 2. However, the Court notes that these two code sections fall within the workforce investment systems chapter of the labor title of the United States Code, and both have been repealed. 29 U.S.C. §§ 2283, 2284.  The Plaintiff does not expand upon the injunctive relief sought.   Lastly, as it pertains to this Court's jurisdiction, the Plaintiff asserts that he "has constructively exhausted all administrative remedies." ECF No. 22 at ¶ 5.

The Defendants named in the complaint can be separated into two groups: administrators and a correctional officer. Defendants Sandy, Jividen and Sheeley (collectively, "Administrator Defendants"), were all employed in an administrative capacity with either the State of West Virginia or the Eastern Regional Jail.  The second amended complaint asserts claims against "many Correctional Officers" [ECF No. 22 at ¶ 10], but Correctional Officer Adrian Aguilera[1] is the only named Correctional Officer Defendant. All Defendants were named in both their official and personal capacities.

The complaint alleges six causes of action against the Defendants in their personal and official capacities: (1) a violation of the Eighth Amendment by the Correctional Officer Defendants; (2) a violation of the Eighth Amendment by the Administrator Defendants; (3) a violation of the Fifth Amendment's Due Process Clause against all Defendants; (4) a claim for negligent oversight and training against the Administrator Defendants; (5) a common law tort claim for battery and assault against Correctional Officer Defendants;

---

[1] The Plaintiff initially identified this Defendant as "Aguilara," but subsequent filings, including those filed by defense counsel, spell his name as "Aguilera." This Court will use the latter spelling.

and (6) a common law tort claim for intentional infliction of emotional distress against all Defendants. For relief, the Plaintiff requests that the Court award him compensatory damages of $250,000.00 against each Defendant for his physical injuries and $5,000,000.00 against all for punitive damages.

On June 15, 2021, Magistrate Judge Trumble filed a report and recommendation pursuant to the Local Rules of Prisoner Litigation and 28 U.S.C. §§ 1915(e) and 1915A. ECF No. 46.  By order entered August 16, 2021, the Court adopted the report and recommendation in part.  ECF No. 52.  The R&R recommended that this Court dismiss all of the Plaintiff's claims, but this Court declined to dismiss Counts One, Five and Six against Defendant Aguilera in his personal capacity.[2] The Plaintiff's claims against the Administrator Defendants in their personal and official capacities were dismissed with prejudice as recommended by the R&R, and the Plaintiff's claims against Defendant Aguilera in his official capacity were dismissed without prejudice as recommended by the R&R.

Defendant Aguilera filed a Motion for Judgment on the Pleadings on August 27, 2021.  ECF No. 53.  Therein, Defendant Aguilera argues that the Plaintiff has failed to state a claim for the remaining counts and that he is entitled to the protection of qualified immunity.  Upon review of the Defendant's filing, the Court referred the matter back to Magistrate Judge Trumble for further consideration.  ECF No. 54.  Magistrate Judge Trumble filed an R&R recommending that the Defendant's Motion for Judgment on the Pleadings be granted and the Plaintiff's second amended complaint be denied and

---

[2] The Court refrained from dismissing these Counts because Defendant Aguilera did not set forth specific arguments as to why these counts should be dismissed. The Court then directed the Defendant's counsel to review the Complaint and ensure that the remaining causes of action are properly before this Court.

dismissed with prejudice as to Defendant Aguilera.  The Plaintiff timely filed objections to the R&R, and the R&R is now ripe for review before this Court.

On September 13, 2021, the Plaintiff filed a Motion to Alter or Amend, or in the Alternative, Motion for Leave to File an Interlocutory Appeal.  ECF No. 56.  Therein, the Plaintiff requests that this Court alter or amend its Order [ECF No. 52] dismissing the Administrator Defendants in their personal capacity from this case.  Alternatively, the Plaintiff requests leave to file an interlocutory appeal with respect to this Court's dismissal of the Administrator Defendants in their personal capacities.  The Administrator Defendants timely filed a Response [ECF No. 60] to the Plaintiff's motion.  Accordingly, the Plaintiff's motion is ripe for review.

### B.  Factual Background

The following facts are construed from the Plaintiff's second amended complaint [ECF No. 22], and the facts are construed in the light most favorable to the Plaintiff. The allegations set forth in the Plaintiff's complaint stem from an incident that occurred on or about October 8, 2018, while the Plaintiff was detained at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia.  Because Defendant Aguilera is the sole remaining defendant and the Plaintiff, in his objections, contests the R&R's finding regarding Defendant Aguilera's actions, the Court will recount the relevant factual history as presented in the Plaintiff's second amended complaint.

On or about October 8, 2018, the Plaintiff and other inmates confined in the same pod were denied dinner because the correctional officers on duty were distracted by an altercation in another pod.  When Defendant Aguilera entered the Plaintiff's pod, he informed the inmates that they would not be served anymore food because they had

already eaten.  It is not clear from the complaint whether Defendant Aguilera actually knew that the Plaintiff and the inmates in his pod had not gone to dinner. Nonetheless, Defendant Aguilera's statement raised commotion among the inmates, prompting one to question Defendant Aguilera. In response, Defendant Aguilera "became verbally abusive." ECF No. 22 at ¶ 13.

The Plaintiff asked Defendant Aguilera "to cease his abusive behavior." ECF No. 22 at ¶ 14.  After turning to the Plaintiff, Defendant Aguilera "attempted to slam the door to A5 on Plaintiff Richardson, who was standing in the door's threshold." ECF No. 22 at ¶ 14.  The Plaintiff "grabbed the door to stop from slamming on him, and CO Aguilera then attempted to punch Plaintiff Richardson in the face, causing Plaintiff Richardson to attempt to defend himself, resulting in a physical altercation between Plaintiff Richardson and Defendant Aguilera." ECF No. 22 at ¶ 14.

"Other officers, at this point unknown to Plaintiff Richardson, then responded to the scene, at which time Plaintiff Richardson was taken to the ground and restrained with handcuffs." ECF No. 22 at ¶ 15.  After the Plaintiff was restrained, "he was beaten, stomped, and kicked about the head, neck, and torso by multiple officers." ECF No. 22 at ¶ 15.  The Plaintiff "was then dragged while handcuffed and bleeding profusely to the attorney conference area and thrown into one of the conference rooms." ECF No. 22 at ¶ 17.  In the conference room, the Plaintiff was "battered and screamed at by various officer[s]." ECF No. 22 at ¶ 17.

The Plaintiff's attorney arrived at the ERJ after this incident occurred.  The correctional officers proceeded to change the Plaintiff's clothes and bandage a wound on his forehead.  During the Plaintiff's meeting with his attorney, his attorney took pictures of

injuries on his cellphone.  These pictures were not attached to the complaint or any subsequent filings.

Later on, the Plaintiff was taken to the hospital.  At the hospital, the Plaintiff alleges that "he was coerced by the attending guard into not asking for an xray of his ribs – which were causing him significant pain – or a CT-Scan of his brain following the obvious injury he sustained to his forehead." ECF No. 22 at ¶ 21. The Plaintiff was x-rayed days later after calls from his attorney prompted correctional officers to take the Plaintiff to get medical attention. The Plaintiff continued to suffer "severe headaches in the days and weeks thereafter, and ERJ medical staff generally refused to attend to his injuries or make notes of said injuries." ECF No. 22 at ¶ 22.

When the Plaintiff's attorney returned to the ERJ, he was not allowed to bring his cell phone into the jail, "despite having been free to carry said cell phones into client meetings previously." ECF No. 22 at ¶ 23. The Plaintiff's attorney reviewed the ERJ's written policies, which did not include a rule prohibiting cell phones and instead "expressly allowed attorneys to carry in their 'computers.'" ECF No. 22 at ¶ 25.

## II. LEGAL STANDARD & APPLICABLE LAW

### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review

7

and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); <u>Snyder v.</u> <u>Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982)). If "only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." <u>Williams v. New York State Div. of Parole</u>, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."  <u>Taylor v. Astrue</u>, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection.  See <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's

R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient."  Id. at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection."  Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]."  Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### B.  42 U.S.C. § 1983

The Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 does not itself provide any substantive rights. Instead, it is a procedural vehicle through which a plaintiff can enforce their constitutional rights against state actors. In relevant part, section 1983 allows a plaintiff to file suit against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .." 42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In cases with multiple individual defendants, the plaintiff must plead that each defendant, through his or her own actions, caused the alleged constitutional injury.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Vicarious liability does

9

not exist under section 1983.  Id.

However, the Fourth Circuit does recognize the theory of supervisory liability under section 1983.  A supervisor can be liable when (1) he knew that his subordinate "was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff," (2) his response was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices" and (3) an "affirmative causal link" existed between "the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).  Supervisory liability is not a claim in and of itself, but instead, it is a theory by which a plaintiff can hold a supervisor or manager liable for a constitutional violation committed by a subordinate.  A constitutional violation must still be pled.

Further, depending on which constitutional right is alleged to have been violated, different standards may apply.  The two constitutional protections implicated in this case are the Eighth Amendment right to be free from cruel and unusual punishment and the Fifth Amendment right to due process.

### 1.  Eighth Amendment

When a plaintiff alleges that their Eighth Amendment right to be free from cruel and unusual punishment has been violated, two standards may apply.  If the plaintiff is alleging that they were denied medical care, then the "deliberate indifference" standard applies.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  If the plaintiff is alleging excessive use of force, then the "malicious and sadistic use of force for the purpose of causing harm" standard applies.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The Plaintiff's complaint appears to implicate both standards.

Deliberate indifference lies somewhere between negligence and purposefulness. A state actor acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To succeed on a deliberate indifference claim, a plaintiff must first demonstrate, objectively, the existence of a serious medical need, and second, a plaintiff must show that the defendant, subjectively, knew of the underlying facts, the substantial risk of serious harm those facts presented, and drew the inference between the facts and the harm. Id. at 846.

Unlike the deliberate indifference standard, which accounts for a state actor's time and ability to weigh the facts presented to him and deliberate as to which course of action to take, the "malicious and sadistic use of force for the purpose of causing harm" standard applies to decisions made in haste, under pressure, and without the luxury of a second chance. Whitley, 475 U.S. at 320-21. When a plaintiff alleges excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (first citing Hudson v. McMillian, 503 U.S. 1, 4 (1992) then citing Whitley, 475 U.S. at 319–21). The Fourth Circuit recently held that "the use of force on an inmate who is restrained and compliant and posing no physical threat raises the specter of such an impermissible motive." Dean v. Jones, 984 F.3d 295, 302 (4th Cir. 2021) (internal quotations and citations omitted).

### 2. Fifth Amendment

As of the date of this Order, the Supreme Court has only allowed Fifth Amendment

claims under section 1983 pursuant to the enforcement of the takings clause, <u>Knick v. Township of Scott</u>, 139 S. Ct. 2162 (2019), and a criminal defendant's right to be free from self-incrimination, <u>Chavez v. Martinez</u>, 538 U.S. 760 (2003).  As it pertains to the right to due process, the Fifth Amendment's Due Process Clause applies to the federal government.  U.S. Const. amend V ("No person … shall …be deprived of life, liberty, or property, without due process of law . . .").  The Fourteenth Amendment's Due Process Clause applies to state and local governments. U.S. Const. amend XIV ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . .").  Because section 1983 is a vehicle by which plaintiffs can assert claims against state actors, the Fifth Amendment is not the proper constitutional amendment to assert due process protections claims through.

## III. DISCUSSION

The Plaintiff timely filed objections to the R&R. ECF No. 62. The Plaintiff raises four objections: (1) the Plaintiff did not fail to state a claim under Count One, (2) the Plaintiff did not fail to state a claim under Count Five, (3) the Plaintiff did not fail to state a claim under Count Six and (4) the Plaintiff has the right to amend his complaint.

### A. Plaintiff's Objection to the R&R's Finding that the Plaintiff Failed to State a Claim for an Eighth Amendment Violation Against Defendant Aguilera

The Plaintiff's first objection takes issue with the R&R's finding that the "Plaintiff has failed to allege personal involvement by Aguilera which caused the injury he complains of" in Count One. ECF No. 62 at 2; ECF No. 61 at 12.  The Plaintiff avers that the facts pleaded in the complaint, when taken together, allow this Court to make a reasonable inference that Defendant Aguilera was involved in the group beating of the Plaintiff after the Plaintiff was restrained.  Specifically, the Plaintiff requests an explanation

of "whether the inferences proposed by Plaintiff fairly arise from paragraphs 14-17, and if not, why not." ECF No. 62 at 2.  Because the Plaintiff's "objection merely reiterates the same arguments" found in the complaint, the Court subjects the relevant portion of the R&R to only a clear error review. Taylor, 32 F. Supp. 3d at 260.

The Court finds that the magistrate judge did not err when finding that the Plaintiff failed to make any specific assertion against Defendant Aguilera under Count One.  The Plaintiff identifies Defendant Aguilera by name seven times in paragraphs thirteen and fourteen of the complaint, as he describes how "CO Aguilera *attempted* to slam the door to A5 on Plaintiff Richardson" and "CO Aguilera then *attempted* to punch Plaintiff Richardson in the face, causing Plaintiff Richardson to *attempt* to defend himself, resulting in a physical altercation between Plaintiff Richardson and Defendant Aguilera." ECF No. 22 at ¶ 14. (emphases added).  The next paragraph, which describes how the Plaintiff was restrained on the ground and then beaten, does not once mention Defendant Aguilera by name. The omission of Defendant Aguilera's name here, when it has, up until this point, been used in every sentence where the Plaintiff describes an action taken by Defendant Aguilera, most clearly provides for the inference that Defendant Aguilera was not involved.

Instead, the Plaintiff identifies "[o]ther officers, at this point unknown" as the individuals responsible for restraining the Plaintiff and then "beat[ing], stomp[ing], and kick[ing] about the [Plaintiff's] head, neck, and torso." ECF No. 22 at ¶ 15.  At this point, Defendant Aguilera is known to the Plaintiff and has been specifically identified in the preceding paragraphs. By breaking from a clear pattern of identification and not identifying Defendant Aguilera in the remaining paragraphs, the only inference created by

the Plaintiff is that Defendant Aguilera was not involved in the actions described in the paragraphs that he is not named in.  The inference allowed here is that the other, unknown officers are responsible for the actions in the complaint that are not attributed to a specific individual.  Otherwise, the Plaintiff would have identified the actor.

After making his reasonable inference argument, the Plaintiff highlights that his complaint did allege that there was a "physical altercation" between the Plaintiff and Defendant Aguilera.  However, a physical altercation is not a per se violation of the Eighth Amendment.  To properly allege a claim of excessive use of force, a plaintiff must show "malicious and sadistic use of force for the purpose of causing harm."  Whitley, 475 U.S. at 320-21.  A bare allegation stating that a "physical altercation" occurred does not amount to a malicious or sadistic use of force.

The core inquiry here is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 37 (first citing Hudson, 503 U.S. at 1, then citing Whitley, 475 U.S. at 319-21). Under the facts provided, the Plaintiff can be characterized as the instigator of his altercation with Defendant Aguilera. The Plaintiff could have stepped out of the way of the closing door, but instead chose to impede Defendant Aguilera in his duties to maintain order and stop Defendant Aguilera from closing the cell door.  Defendant Aguilera's use of force in response was properly applied to restore discipline in reaction to noncompliance from the Plaintiff.

While the Fourth Circuit recently held that "the use of force on an inmate who is restrained and compliant and posing no physical threat raises the specter of such an impermissible motive," the Plaintiff has not pled any facts asserting that Defendant

14

Aguilera was involved in beating the Plaintiff while he was restrained or any of the actions taken thereafter by unspecified correctional officers.  <u>Dean</u>, 984 F.3d at 302 (internal quotations and citations omitted).  Without some factual allegation of malicious or sadistic physical force by the Defendant against the Plaintiff, it is impossible for this Court to find that the Plaintiff satisfied the requirement of providing fair notice of the nature of the excessive force claim.  Further, without a factual allegation of physical force by the Defendant against the Plaintiff, it is impossible to find any grounds on which the claim rests.

Therefore, this Court finds that the Plaintiff did not make a claim with sufficient facial plausibility that would allow this Court to draw the reasonable inference that Defendant Aguilera is liable for excessive force under the Eighth Amendment.  <u>Ashcroft</u>, 556 U.S. at 679; <u>Whitley</u>, 475 U.S. at 320-21.  When alleging a constitutional violation pursuant to section 1983, the plaintiff must plead that each defendant, through his or her own actions, caused the alleged constitutional injury.  <u>Iqbal</u>, 556 U.S. at 676.  Here, the Plaintiff has failed to do so.  Accordingly, the Plaintiff's objection to the R&R's finding that the Plaintiff failed to state a claim for an Eighth Amendment violation against Defendant Aguilera is **OVERRULED**.

### B.  Plaintiff's Objection to the R&R's Dismissal of Count Five

The Plaintiff's second objection takes issue with the R&R's finding that the Plaintiff failed to state a claim for assault and battery. The Plaintiff refers back to his argument that he is entitled to the inference that Defendant Aguilera was involved in beating the Plaintiff.  However, for the reasons stated in section III.A previously, the Plaintiff is not entitled to that inference.   The remaining support for the Plaintiff's objection refers the

Court to arguments made in the complaint, which, under this Court's Local Rules and the Rules of Civil Procedure, is not a proper objection. Mario, 313 F.3d at 766 (holding that "referring the court to previously filed papers or arguments does not constitute an adequate objection"); see also Fed. R. Civ. P. 72(b); LR PL P 12. Therefore, the Court will review for clear error only.

The Plaintiff's objection, like Count Five, is devoid of any supporting legal authority, which would have been instructive to this Court's analysis.  Assault and battery is not a civil rights violation, but a tort claim.  The Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C §§ 1331, 1343(a)(3), none of which provide this Court with jurisdiction to hear a tort claim.

While this Court would have supplemental jurisdiction to hear state court claims arising out of the same set of facts, the Plaintiff did not plead supplemental jurisdiction under 28 U.S. Code § 1367.  "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).  Section 1367(a) provides federal courts with the authority to exercise supplemental jurisdiction over state law claims "in any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a).  To exercise that authority, a federal court "must first have original jurisdiction over at least one claim in the action." Exxon Mobil v. Allapattah Servs., 545 U.S. 546, 554 (2005); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  However, a federal court's authority to exercise supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c); Gibbs, 383 U.S. at 726 (finding that supplemental jurisdiction "need not be exercised in every case in which it is

16

found to exist" and supplemental jurisdiction is a "doctrine of discretion, not of [a party's] right").

Further, Section 1367(c) expressly allows a court to decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S. Code § 1367(c).  Here, the Court has original jurisdiction over the Plaintiff's section 1983 claims, which pursuant to this Order, will all be dismissed, leaving no original jurisdiction for the Plaintiff to hang his tort claims on.  While the R&R applied a section 1983 threshold analysis when dismissing Count Five, this Court finds that wading into the merits of the Plaintiff's is not necessary because this Court lacks jurisdiction over the claim.[3]    Accordingly, the Plaintiff's objection to the R&R's recommendation that Count Five be dismissed is **OVERRULED**.

## C.  Plaintiff's Objection to the R&R's Dismissal of Count Six

The Plaintiff's third objection takes issue with the R&R's finding that the Plaintiff failed to state a claim for intentional infliction of emotional distress and with the R&R's recommendation that Count Six be dismissed. The Plaintiff refers back to his argument that he is entitled to the inference that Defendant Aguilera was involved in beating the Plaintiff.  However, for the reasons stated in section III.A previously, the Plaintiff is not entitled to that inference. The remaining support for the Plaintiff's objection refers the Court to arguments made in the complaint, which, under this Court's Local Rules and the

---

[3] The Court notes that Defendant Aguilera asserts qualified immunity to shield him from suit under section 1983 in his motion for judgment on the pleadings.  As it pertains to the common law claims, immunity from Count Five is properly found in West Virginia state law.  West Virginia provides that a state employee

> is immune from liability unless . . . (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code Ann. § 29-12A-5 (West).  Pursuant to the reasoning set forth in section III.A of this Order, Defendant Aguilera satisfies the requirements for immunity under West Virginia law.

Rules of Civil Procedure, is not a proper objection. <u>Mario</u>, 313 F.3d at 766 (holding that "referring the court to previously filed papers or arguments does not constitute an adequate objection"); <u>see also</u> Fed. R. Civ. P. 72(b); LR PL P 12.  Therefore, the Court will review for clear error only.

The Plaintiff's objection, like Count Six, is devoid of any supporting legal authority, which would have been instructive to this Court's analysis. Intentional infliction of emotional distress is not a civil rights violation, but a tort claim.  While the R&R evaluated the merits of the tort claim, the Court refers back to its jurisdiction analysis in section III.B and finds that Count Six should be similarly dismissed.  Nonetheless, the Court agrees with the R&R's finding that the Plaintiff did indeed fail to plead any facts that could even support the inference that Defendant Aguilera engaged in "conduct that was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency."[4] <u>Travis v. Alcon Lab'ys Inc.</u>, 504 S.E.2d 419, 425 (W.Va. 1998).   Here, and for the reasons stated in section III.A, the Plaintiff has failed to meet this standard. Accordingly, the Plaintiff's objection to the R&R's finding that he failed to state a claim for intentional infliction of emotional distress and the R&R's recommendation that Count Six be dismissed is **OVERRULED**.

### D.  Plaintiff's Assertion of his Right to Amend the Complaint

Lastly, the Plaintiff asserts that he has the "right" to amend his complaint.[5] In

---

[4] To succeed on a claim for intentional infliction of emotional distress, a plaintiff must show that (1) "the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency," (2) "the defendant acted with the intent to inflict emotional distress," (3) "the actions of the defendant caused the plaintiff to suffer emotional distress" and (4) "the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." <u>Travis v. Alcon Lab'ys, Inc.</u>, 504 S.E.2d 419, 425 (W.Va. 1998).

[5] The only right to amend as a matter of course is found in Federal Rule of Civil Procedure 15 and it is limited in scope.

support, the Plaintiff cites to Lins v. United States, 771 F. App'x 528 (4th Cir. 2019) and Goode v. Central Virginia Legal Aid Society, 807 F.3d 619, 623 (4th Cir. 2015). Neither case cited by the Plaintiff stands for the proposition that he claims it does. First, Lins v. United States is an unpublished decision that is not binding in this circuit.  Nevertheless, the case discusses when a dismissal without prejudice may or may not be appealable. In its discussion, the Fourth Circuit explains that "[a]n order dismissing a complaint without prejudice is not an appealable final order if 'the plaintiff could save his action by merely amending his complaint.'"  Id. at 530 (citing Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993)).  The Fourth Circuit does not establish a right to amend in its decision in Lins.  Instead, the Fourth Circuit ultimately holds that an order dismissing a complaint without prejudice due to a lack of subject matter jurisdiction was not a final, appealable order.  Id. at 529.

The Plaintiff also cites to Goode v. Central Virginia Legal Aid Society in support of his claim to a right to amend his complaint.  At the time of the Plaintiff's filing, Goode had been abrogated by Bing v. Brivo Systems, LLC, 959 F.3d 605, 611-12 (4th Cir. 2020). The Bing court held that "Goode's assertion of a bright-line rule that without-prejudice dismissals premised on the failure to plead sufficient facts in the complaint are not appealable is inconsistent with Domino Sugar, which emphasized the case-by-case nature of the inquiry, and also with Chao, which found that very type of dismissal to be appealable." Bing, 959 F.3d at 613 (internal citation omitted).  Again, nowhere in either Goode or Bing does the Fourth Circuit establish a right to amend as the Plaintiff boldly and inaccurately claims.  Accordingly, the Plaintiff's objection that this Court is in error by not recognizing his right to amend the complaint is **OVERRULED**.

19

**E.  Dismissal of the Plaintiff's Motion to Alter or Amend, or in the Alternative, Motion for Leave to File an Interlocutory Appeal**

On September 13, 2021, the Plaintiff filed a Motion to Alter or Amend, or in the Alternative, Motion for Leave to File an Interlocutory Appeal.  ECF No. 56.  Therein, the Plaintiff requests that this Court alter or amend its Order [ECF No. 52] dismissing the Administrator Defendants in their personal capacity from this case.  Alternatively, the Plaintiff requests leave to file an interlocutory appeal with respect to this Court's dismissal of the Administrator Defendants in their personal capacities.   The Administrator Defendants timely filed a Response [ECF No. 60] to the Plaintiff's motion, so the Plaintiff's motion is ripe for review.

### 1.  Plaintiff's Motion to Alter or Amend

The Plaintiff filed his Motion under Rule 59(e), which requires the movant to establish one of the following three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993)).  In the memorandum in support of the Plaintiff's motion, the Plaintiff sets forth four arguments: (1) the court erred as a matter of law because it failed to consider allegations set forth in the complaint which state or allow for inferences as to supervisory liability under 42 U.S.C. § 1983, (2) the court erred by dismissing the Plaintiff's negligent training and oversight claims against the Administrator Defendants, (3) the court failed to make a finding that the Plaintiff's complaint cannot be cured by amendment, so dismissal without leave to amend is improper as a matter of law and (4) if the court does not reverse its dismissal of the Administrator Defendants then the Plaintiff requests leave

to file an interlocutory appeal.

In support of his first argument, the Plaintiff has copied and pasted two and a half pages worth of paragraphs from the second amended complaint.  Additionally in support of his first, second and third arguments, the Plaintiff merely reiterates arguments previously made and cites to case law that has long been established and this Court is well aware of.  Further, with regard to the Plaintiff's assertion that the court failed to find that the Plaintiff's complaint cannot be cured by amendment, and thus, dismissal without leave to amend is improper as a matter of law, the Court reiterates that there is no unlimited right to amend. The Plaintiff again cites to <u>Lins</u> and <u>Goode</u> as support, and this Court emphasizes that those cases do *not* establish a right to amend as the Plaintiff repeatedly, erroneously claims.

The arguments advanced by the Plaintiff evidence mere disagreement with the Court's ruling.  None of his arguments refer to an intervening change in controlling law, new evidence not available at trial, a clear error of law or manifest injustice, which is required.  <u>Lockheed Martin Corp., Aero & Naval Sys.</u>, 116 F.3d at 112.  The Fourth Circuit has explained that "mere disagreement does not support a Rule 59(e) motion." <u>Hutchinson</u>, 994 F.2d at 1082 (citation omitted).  Motions to reconsider should not be filed every time a party does not receive the ruling he or she desires.  Indeed, "[g]ranting a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" <u>Alig v. Quicken Loans Inc.</u>, No. 5:12-CV-114, 2017 WL 5127235, at *2 (N.D. W. Va. Aug. 21, 2017) (quoting <u>Pac. Ins. Co. v. American Nat. Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998)).

Courts in this District have previously admonished attorneys about the improper

use of Rule 59 motions:

> In the words of the Honorable William H. Steele of the Southern District of Alabama: Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper.

Alig, at *2 (cleaned up). "It is likely improper to use such a motion to ask the court to 'rethink what the courthas already thought through – rightly or wrongly.'" Id. at *1 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rule "59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Medicus Ins. Co. v. Cross, No. 5:13-CV-145, 2015 WL 2090019, at *1 (N.D. W. Va. May 5, 2015).

The Plaintiff fails to satisfy any of the grounds required to move a Rule 59 Motion beyond the threshold inquiry, and none are present in this case. Accordingly, the Plaintiff's Motion to Alter or Amend is **DENIED**.

### 2. Motion for Leave to File an Interlocutory Appeal

Within his Rule 59(e) motion, the Plaintiff also moves the Court to make the requisite findings to allow an interlocutory appeal of the Court's Order to be filed in the Fourth Circuit. The Plaintiff cites 28 U.S.C. §1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would

22

have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The Court's Order does not involve "a controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the order" will not "materially advance the ultimate termination of the litigation[.]"  Id.  Accordingly, the Plaintiff's request that the Court permit an interlocutory appeal be taken is also **DENIED**.

## IV.  CONCLUSION

Upon careful review of the R&R and the Plaintiff's objections, it is the opinion of this Court that Magistrate Judge Trumble's Second Report and Recommendation [ECF No. 61] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Accordingly, the Plaintiff's second amended complaint [ECF No. 22] **is DENIED and DISMISSED WITH PREJUDICE** as to Defendant Aguilera and Defendant Aguilera's Motion for Judgment on the Pleadings [ECF No. 53] is **GRANTED**.

It is **FURTHER ORDERED** that the Plaintiff's Motion to Alter or Amend, or in the Alternative, Motion for Leave to File an Interlocutory Appeal [ECF No. 56] is **DENIED**.

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to all counsel of record herein.

**DATED**: March 24, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE

23